Damone ANDERSON, Petitioner—
Appellee,

v.

Anthony A. LAMARQUE, Warden,
Respondent—Appellant.

Damone Anderson, Petitioner—
Appellant,

v.

Anthony A. Lamarque, Warden,
Respondent—Appellee.

No. 02–57150, 03–55065.

D.C. No. CV–01–00514–HLH.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 6, 2003.

Decided Nov. 18, 2003.

Robert L. Swain, Esq., San Diego, CA, for Petitioner–Appellee.

Lynne G. McGinnis, Esq., San Diego, CA, for Respondent–Appellant.

David Delgado–Rucci, AGCA–Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before B. FLETCHER, RYMER, and GRABER, Circuit Judges.

MEMORANDUM *

Damone Anderson appeals the partial denial of his petition for writ of habeas corpus based on ineffective assistance of counsel at sentencing. The state cross-appeals the judgment to the extent that Anderson's petition was granted on Eighth Amendment grounds. Because Anderson's petition is governed by the Antiterrorism and Effective Death Penalty

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Act of 1996, 28 U.S.C. § 2254(d)(1), we consider only whether the state court's decision is contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. *See Lockyer v. Andrade,* 538 U.S. 63, 123 S.Ct. 1166, 1172, 155 L.Ed.2d 144 (2003). Applying this standard, we affirm the district court's ruling on the ineffective assistance of counsel claim, but reverse its determination that the sentence was cruel and unusual punishment.

I

■ The state superior court did not rule contrary to clearly established federal law in declining to presume prejudice. Even if we assume that counsel's performance was deficient, he nevertheless achieved some sentencing benefits for Anderson. Therefore, *United States v. Cronic,* 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984), is not controlling. The state court's ruling is not an unreasonable application of federal law. *See Smith v. Robbins,* 528 U.S. 259, 286–87, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

On habeas review, the superior court found that any effort to mitigate the effect of the Three Strikes law would have failed as a matter of California law, that Anderson's criminal history put him squarely within the scheme of the Three Strikes law, and that there was no showing in the petition how Anderson's mental condition would justify a court doing less than required by the Three Strikes law given Anderson's criminal history. Without any realistic possibility for relief, Anderson could not have been prejudiced by his counsel's failure to ask for any. Accordingly, we cannot say that the superior court's refusal to set aside Anderson's sentence on the ground of ineffective assistance is objectively unreasonable. *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984);

*Yarborough v. Gentry,* —— U.S. ——, 124 S.Ct. 1, —— L.Ed.2d ——, 2003 WL 22382563, *2 (2003) (per curiam).

II

■ Since the district court rendered its decision, the United States Supreme Court made clear in *Lockyer,* 538 U.S. 63, 123 S.Ct. 1166, 155 L.Ed.2d 144, and *Ewing v. California,* 538 U.S. 11, 123 S.Ct. 1179, 155 L.Ed.2d 108 (2003), that it was not an unreasonable application of clearly established federal law for a California court to sentence a defendant convicted of petty theft with a prior under California's Three Strikes law. It follows that habeas relief based on Anderson's claim that his similar sentence constitutes cruel and unusual punishment is inappropriate. The district court's judgment granting such relief must be reversed.

AFFIRMED IN PART; REVERSED IN PART.